UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


JAMES T. STEPHENS,
DELL S. BROOKE,
TRENT STEPHENS LLOYD,
BRYSON D.D. STEPHENS,
COURTNEY D. STEPHENS,
VICTOR CAMPBELL,
TAWNIE CAMPBELL,

      Plaintiffs,


v.                                  Case No.: _____


WALTON COUNTY,
a political subdivision of
The State of Florida,

      Defendant.

_____/

## **COMPLAINT**

      Plaintiffs, JAMES T. STEPHENS, DELL S. BROOKE, TRENT STEPHENS

LLOYD, BRYSON D.D. STEPHENS, COURTNEY D. STEPHENS, VICTOR

CAMPBELL, TAWNIE CAMPBELL ("Plaintiffs"), by and through their

undersigned attorneys, hereby file this Complaint against Defendant, WALTON

COUNTY ("Defendant") and allege:

1

## Parties

1.      Plaintiff James T. Stephens is domiciled in, resides in, and is a citizen of the State of Alabama.  He is the owner of Lot 5, Block 1, Seagrove Second Addition according to Plat Book 2, Page 45 of the Public Records of Walton County, Florida.

2.      Plaintiff Dell S. Brooke is domiciled in, resides in, and is a citizen of the State of Alabama.  She is the owner of Lot 3, Block 1, Seagrove Second Addition according to Plat Book 3, Page 45 of the Public Records of Walton County, Florida.

3.      Plaintiff Trent Stephens Lloyd is domiciled in, resides in, and is a citizen of the State of Massachusetts.  He is the owner of Lot 2, Block 1, Seagrove Second Addition according to Plat Book 2, Page 45 of the Public Records of Walton County, Florida.

4.      Plaintiffs Bryson D. D. Stephens and Courtney D. Stephens are domiciled in, reside in, and are citizens of in the State of Alabama.  They are the owners of Lot 1, Block 1, Seagrove Second Addition according to Plat Book 2, Page 45 of the Public Records of Walton County, Florida.

5.      Plaintiffs Victor Campbell and Tawnie Campbell are domiciled in, reside in, and are citizens of the State of Tennessee.  They are the owners of Lot 6,

Block 1, Seagrove Second Addition according to Plat Book 2, Page 45 of the Public Records of Walton County, Florida.

6.     Defendant Walton County is a political subdivision of and citizen of the State of Florida.

## Jurisdiction

7.     The Court has jurisdiction under 28 U.S.C. § 1332 because Plaintiffs and Defendant are completely diverse from one another and the amount in controversy (the value of Plaintiffs' property and the value of the Swimming Park that is the subject of this lawsuit) exceeds $75,000.00.

## Venue

8.     The United States District Court for the Northern District of Florida is the proper venue because Defendant Walton County resided in this District (28 U.S.C. § 1391(b)(1)), and a substantial part of the events or omissions giving rise to the claim occurred within this District and the property that is the subject of this action is situated within this District (28 U.S.C. § 1391(b)(2)).   Furthermore, according to Northern District Local Rule 3.1(A)(1), the Pensacola Division is the appropriate venue because the cause of action arises in Walton County, Florida.

### General Allegations

9.    Each individual Plaintiff has an interest in one or more lots located in Seagrove Second Addition, a subdivision located in Walton County, Florida, according to a plat thereof, recorded at Plat Book 2, Page 45, of the Public Records of Walton County, Florida.

10.    On or about June 14, 1949, the plat of Seagrove Second Addition (the "Plat") was recorded in the Public Records of Walton County, Florida.  A true and correct copy of the plat is attached hereto as Exhibit "1."

11.    The map contained on the plat designates an area located to the south of the real property owned by Plaintiffs, adjoining the Gulf of Mexico, and referred to therein as "Dedicated for Swimming Park".  The property to the south of Plaintiffs' respective lots will hereafter be referred to as "Swimming Park".

12.    The actual dedication language contained within the plat states as follows:

> Know all men by these presents, that we, C.H. McGee, Sr. and wife, Louise S. McGee, owners of the land herein subdivided, hereby dedicate to the public all of the streets, roads and parks as designated herein

13.    When the plat was executed and offered for recording, the subject property was owned by C.H. McGee, Sr. and wife, Louise S. McGee.

14.    The plat was never signed by Louise S. McGee.

15.    The signature of C.H. McGee, Sr. was never witnessed.

16.    C.H. McGee's execution of the dedication was never acknowledged.

17.    Florida Statute §177.06 (1949) required that "in connection with the description there shall be a dedication of the plat by the owner or owners and his or their wives, whose signatures must be witnessed, and their execution of the dedication must be acknowledged in the same manner as deeds conveying lands are required to be witnessed and acknowledged…."

18.    Thus, there was never an offer of dedication to Walton County or the public by the owners of the subject property.

19.    The conveyance of lots in Seagrove Second Addition by reference to the plat created private implied easement rights to the Swimming Park in favor of all purchasers of such lots, however, created no public easement rights.

20.    The sale by the original owners and their acceptance of consideration from purchasers constituted a private dedication of the Swimming Park to such purchasers notwithstanding the defects in the defective dedication as to the County or the public.

21.    Even if there had been a proper dedication to the public, Walton County never accepted the offer of dedication.

22.    On June 18, 2019 Plaintiffs revoked the purported offer of dedication. A copy of Plaintiffs' Revocation is attached hereto as Exhibit "2".

23.    The Revocation occurred before there was any acceptance of the purported offer by Walton County.

24.    The Revocation of the Offer of Dedication by Plaintiffs has no affect on the private rights acquired by persons purchasing lots in Seagrove Second Addition by way of deeds making reference to its recorded Plat

25.    The original subdividers (C.H. McGee, Sr. and wife, Louise S. McGee) intended that the Swimming Park would be utilized for swimming as opposed to other uses or activities related to beachfront property.

26.    The original subdividers did not intend that the Swimming Park would be used as an area for commercial activity, which use improperly expands the scope of the burden upon the servient swimming park to the detriment of Plaintiffs' dominant rights.

27.    Walton County has recently claimed ownership and/or control of the Swimming Park.

28.    Walton County has begun "permitting" or "licensing" what they refer to as "Beach Vendor Zones" whereby the County, for a fee or charge grants a

specific commercial vendor an exclusive right to conduct its commercial business operations on various sections of the beaches.

29.   Walton County has designated a Beach Vendor Zone on the Swimming Park property lying directly south of Plaintiffs' properties.

30.   The various commercial activities occurring on the Swimming Park property include commercial beach chair and umbrella/tent set ups whereby a commercial vendor takes control of large areas of the beach by locating beach chair and umbrella or tent sets which are then rented for a significant fee; commercial bonfire parties which vendors charge a fee for conducting bonfire parties for paying party-goers; wedding parties (vendor compensated); parties for social groups (vendor compensated); commercial catering; and numerous other tourist related commercial operations.

31.   The commercial activities being conducted by the various vendor businesses which have been sanctioned/permitted/licensed by Walton County have excluded Plaintiffs' (and others) from large sections of the Swimming Park thereby making large sections not available for lawful use by Plaintiffs and other owners within the subdivision, which is an invasion of Plaintiffs' legal rights in and to the Swimming Park.

32.    Plaintiffs have the right to insist that the Swimming Park be kept open for use by Plaintiffs and to require that the Swimming Park not be used in any way that interferes with their rights by virtue of the implied easement/private dedication created by the plat.

33.    None of the commercial uses described herein were contemplated or intended by the original subdividers when they set aside the Swimming Park.

34.    By virtue of owning lots abutting the Swimming Park, Plaintiffs also have legal title to the property lying between their respective lots and the Gulf of Mexico, albeit subject to an easement in favor of other owners of lots in Seagrove Second Addition for use of the Swimming Park for its intended purpose.

35.    By sanctioning commercial activity on property owned by Plaintiffs, Walton County is substantially interfering with Plaintiffs' property rights to the use of their property so long as such uses do not interfere with the implied easement rights/private dedication rights of other owners in the subdivision.

36.    The County's actions have resulted in the inability of Plaintiffs to utilize their property in ways consistent with their private rights as owners of platted lots in the subdivision and as owners of the underlying fee to the Swimming Park.

37.    By virtue of Walton County's position that it owns and controls the Swimming Park, Plaintiffs are in doubt as to their rights as owners of lots in the

subdivision entitled to implied private rights and private dedication rights and their rights as owners of the underlying fee to the property designated as Swimming Park.

38.    Plaintiffs have an actual and present ownership interest in the portions of the Swimming Park lying south of their respective lots and in addition have an actual and present interest in their private easement rights and private dedication rights, which are adverse to Walton County claims ownership and control of the Swimming Park.

39.    There is an bona fide, actual, present, and practical need for the declaration sought herein.

40.    The declaration sought herein deals with a present, ascertained, or ascertainable state of facts or present controversy as to the state of facts, and Plaintiffs' rights are dependent on the facts stated herein or on the law applicable to these facts.

41.    An antagonistic and adverse interest exists between Plaintiffs and Walton County, and Walton County represents the class of persons claiming an interest in the Swimming Park as a member of the general public.

42.    The relief sought is not merely for legal advice or to answer questions propounded from curiosity.

## Relief Requested

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

A. Declaring that Plaintiffs are the rightful owners of the portions of the Swimming Park lying south of their respective lots;

B. Declaring that Walton County has no right to designate "beach vendor zones" on the Swimming Park parcel;

C. Declaring that Walton County has no right to allow, sanction, permit, or license commercial activities on the Swimming Park;

D. Declaring that Walton County's actions in establishing a beach vendor zone and permitting commercial businesses to operate in or on the Swimming Park are in violation of Plaintiffs' substantial rights;

E. Enjoining Walton County from issuing permits to commercial businesses to operate in or on the Swimming Park;

F. Granting such other and further relief as is just and proper.

/s/ Darryl Steve Traylor, Jr.
T. A. BOROWSKI, JR.
Florida Bar No. 843393
ted@borowski-traylor.com
DARRYL STEVE TRAYLOR, JR.
Florida Bar No. 75981
steve@borowski-traylor.com

10

Borowski & Traylor, P.A.
4300 Bayou Blvd., Suite 14 (32503)
P. O. Box 12651
Pensacola, FL  32591-2651
(850) 429-2027
(850) 429-7465 fax
Attorneys for Plaintiffs

/s/ Richard P. Petermann
RICHARD P. PETERMANN
Florida Bar No. 362956
rpetermann@asglegal.com
Anchors Smith Grimsley
909 Mar Walt Drive, Suite 1014
Fort Walton Beach, FL 32547
(850) 863-4064
(850) 243-9692 fax
Attorneys for Plaintiffs

11